ADVOCATES FOR FAITH & FREEDOM
Mariah R. Gondeiro (SBN 323683)
mgondeiro@faith-freedom.com
Julianne Fleischer (SBN 337006)
jfleischer@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:  (951) 304-7583

Attorneys for Plaintiff, Dan Rife

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAN RIFE**, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>**CERNER CORPORATION,**<br><br>          Defendant. | Case No.:  '23 CV 2303 W    MMP<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Civil Rights Act of 1964, Religious Discrimination-Disparate Treatment**<br>2. **Violation of the Civil Rights Act of 1964, Religious Discrimination-Failure to Accommodate**<br>3. **Violation of the Civil Rights Act of 1964, Retaliation**<br>4. **California's Fair Employment and Housing Act, Discrimination and Retaliation**<br>5. **California's Fair Employment and Housing Act, Failure to Accommodate** |

## INTRODUCTION

1.    This is an action for unlawful discrimination and retaliation against Plaintiff Dan Rife in violation of Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act.

2.    Defendant Cerner Corporation failed to make any reasonable attempts to accommodate Mr. Rife's religion after he submitted a written request for a religious

accommodation to be exempted from Defendant's COVID-19 vaccine policy.

3.    Defendant failed to explore any reasonable alternative means of accommodating Mr. Rife's religious beliefs or observations.

4.    Defendant failed to assert, nor can it now belatedly assert, "undue hardship" as an excuse for its religious discrimination and its refusal to reasonably accommodate Plaintiff.

5.    Rather than respecting Mr. Rife's religious beliefs, Defendant summarily denied his reasonable accommodation request, without providing any explanation, reason or excuse for its refusal to comply with state and federal law.

6.    Defendant granted vaccine mandate exemptions to other employees, accepting in lieu of vaccinations, alternative health and safety measures such as remote work, masking, symptom screening, regular testing, and social distancing.

7.    There is no reason why Defendant could not have also accommodated Mr. Rife by providing these very same vaccine accommodation options to him.

8.    As a result of Defendant's disregard for the rule of law, Mr. Rife was mistreated and terminated from his position.

### PARTIES – PLAINTIFF

9.    Plaintiff DAN RIFE resides in San Diego County, California.

### PARTIES -DEFENDANT

10.    Defendant CERNER CORPORATION, is a California Registered Corporate Agent duly registered to conduct business in the State of California, maintains its principal place of business at 8779 HILLCREST ROAD KANSAS CITY, MO 64137 and is an employer as defined by the California Government Code in that it employs more than (5) employees.

### JURISDICTION AND VENUE

11.    This civil rights action raises federal questions under federal law, particularly 42 U.S.C. § 2000e.

12.    This Court has subject matter jurisdiction over the federal claims

pursuant to 28 U.S.C. §§ 1331 and 1343.

13.    This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

14.    This Court has authority to grant the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure.

15.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### STATEMENT OF FACTS

### A. MR. RIFE'S RELIGIOUS BELIEFS

16.    At all times material to this Complaint, Plaintiff Dan Rife was, and continues to be a devout and practicing Christian. His Christian religious faith was, and continues to be, a central part of his life and identity.

17.    During the COVID-19 pandemic, his Christian faith did not weaken, but his religious beliefs and practices became stronger.

18.    In accordance with Mr. Rife's religious beliefs, he believes that human life is precious and that abortion is immoral.

19.    Mr. Rife believes that vaccines developed using fetal cell lines that descended from elective abortions in their development (such as the Johnson & Johnson COVID-19 vaccine) or testing (such as the Pfizer and Moderna COVID-19 vaccines) are unethical, immoral and in violation of his sincerely held religious beliefs.

20.    Mr. Rife also believes that his body a temple of the Holy Spirit as referenced in 1 Corinthians 3:16 and 1 Corinthians 6:19-20, and that he is commanded to take care of his body, not to defile his body, and not to introduce something into it that could potentially harm his body.

21.    As such, he takes great care to ensure that no unknown or untested

substances enter his body.

**B. MR. RIFE'S EMPLOYMENT HISTORY**

22.    In or around 2010, Mr. Rife began working at Palomar Health as a workstation technician.

23.    On information and belief, in or around 2012, Palomar Health purchased a contract with Defendant by which Defendant hired a number of current Palomar Health employees, including Mr. Rife.

24.    In or around 2013, Mr. Rife became a full-time employee with Defendant as a workstation technician.

25.    In 2015, Mr. Rife was promoted to Systems Engineer. He was later promoted to Senior Systems Engineer where he continued until Defendant terminated his employment in November 2021.

26.    In his position as Senior Systems Engineer, Mr. Rife was responsible for creating, testing, and deploying operating system packages and the application of packages to new and existing devices.

27.    In his position, Mr. Rife also tested new equipment such as desktop computers, laptops, and mobile devices as well as created policies and procedures for facility technology equipment use.

28.    Upon information and belief, in or around 2022, Palomar Health's contract with Defendant ended. All employees originally under this completed contract returned to their positions at Palomar Health.

**C. DEFENDANT'S COVID-19 VACCINE POLICIES**

29.    Upon information and belief, on or around July 2021, Defendant announced its COVID-19 vaccine mandate policy, which required that employees obtain a COVID-19 vaccine or an exemption to be completed by September 30, 2021.

30.    Mr. Rife has sincerely held religious beliefs that prevent him from receiving the mandated COVID-19 vaccines.

31.    Specifically, Mr. Rife objected to receiving the COVID-19 vaccines

because he believes that his body is the temple of the Holy Spirit, and as such, he is to care for his body, not to defile his body, and must not introduce something into it that could potentially harm his body.

32.    He also objected to receiving the COVID-19 vaccines because he opposes the use of abortion-derived fetal cell lines for medical purposes and abortion-derived fetal stem cell research.

### D. DEFENDANT'S DENIAL OF REQUEST FOR A RELIGIOUS ACCOMMODATION

33.    On or about August 27, 2021, Mr. Rife submitted a written request for a religious accommodation to be exempted from Defendant's vaccine mandates. In his written request, he explained his religious reasons for conscientiously objecting, including his convictions concerning abortion and putting unknown substances into his body.

34.    Mr. Rife objected to receiving the COVID-19 vaccines because they employ fetal cell lines derived from procured abortion in testing, development, or production of the vaccines.

35.    Mr. Rife opposes abortion under any circumstances, as he believes that abortion is murder, and thus he opposes the use of abortion-derived fetal cell lines for medical purposes and abortion-derived fetal stem cell research.

36.    He also believes that his body is the temple of the Holy Spirit and that what he injects into his body is a decision governed by the conviction of the Holy Spirit.

37.    In or around September 2021, Courtney Xiong, Human Resources Senior Manager, conducted a follow-up interview with Plaintiff to question him about the sincerity of his religious beliefs.

38.    Mr. Rife again reiterated that he is a Christian, he cannot be complicit in abortion, that he is required to follow the convictions of the Holy Spirit in abstaining from receiving the COVID-19 vaccine, and that he is to honor his body as temple for

the Holy Spirit.

39.     On or about September 29, 2021, Plaintiff received an email from Ms. Xiong denying his religious accommodation request. **EXHIBIT A.**

40.     In the email, Ms. Xiong told Mr. Rife that his religious accommodation request did "not qualify for an exemption as a sincerely-held religious belief under Title VII of the Civil Rights Act or applicable law." *Id.* Defendant gave no further explanation as to why Defendant denied Mr. Rife's religious accommodation request.

41.     Ms. Xiong told Mr. Rife he had until September 30, 2021, to begin the vaccination series. *Id.* If, after this date, he remained unvaccinated he would "be subject to disciplinary action, up to and including termination." *Id.*

42.     Upon information and belief, Defendant did not have any objective factual basis to question the validity, sincerity, or consistency of Mr. Rife's religious beliefs or observance, but Defendant did so anyhow.

**D.     DEFENDANT'S     TERMINATION     OF     MR.     RIFE'S EMPLOYMENT**

43.     At no time after receiving Mr. Rife's religious accommodation request did Defendant request additional, written information regarding Mr. Rife's religious beliefs.

44.     At no time after receiving Mr. Rife's religious accommodation request did Defendant acknowledge or address Mr. Rife's two primary religious objections to the COVID-19 vaccine: his convictions regarding abortion and his belief that his body is the temple of the Holy Spirit.

45.     At no time after receiving Mr. Rife's religious accommodation request did Defendant make any attempt to engage in an interactive process with Mr. Rife to explore "any available reasonable alternative means of accommodating the religious belief or observance" (Gov. Code § 12940, subd. (l)(1))).

46.     At no time after receiving Mr. Rife's religious accommodation requests did Defendants explain to Mr. Rife that his religious accommodation request would

pose an undue hardship (i.e. significant difficulty or expense) for Defendant.

47. At no time after receiving Mr. Rife's religious accommodation requests did Defendant explain to Mr. Rife why his religious beliefs or practices did not merit religious accommodation.

48. At no time during his employment with Defendant did Mr. Rife refuse to wear a mask at work, either generally or specifically, as an accommodation in lieu of receiving the mandated COVID-19 vaccine.

49. Upon information and belief, Defendant was not aware of any lawful reason why Mr. Rife's religious beliefs did not merit religious accommodation.

50. Other employees of Defendant received medical and religious accommodations to the COVID-19 vaccine mandates and were not subject to the discriminatory treatment that Mr. Rife received of being terminated from their positions.

51. Defendant would have suffered no undue hardship (significant burden or expense) by granting Mr. Rife a religious accommodation, as it did so for other employees. Mr. Rife could have worn a face covering to minimize and prevent exposure to COVID-19, or been subject to symptom screening, regular testing and other precautionary measures, which other exempted employees were allowed to do even after the vaccine mandates were implemented.

52. Consistent with his sincerely held religious beliefs, Mr. Rife did not comply with Defendant's COVID-19 vaccine mandate.

53. On or about November 2, 2021, Defendant terminated Mr. Rife from his position for failing to comply with its COVID-19 vaccination policy.

54. On or about January 2022, Palomar Health hired Mr. Rife as a contractor. Palomar Health approved Mr. Rife's religious accommodation request from its COVID-19 vaccination policy.

55. On or about August 2022, Palomar Health hired Mr. Rife as a full-time employee, wherein Palomar Heath again approved Mr. Rife's religious

1    accommodation request from its COVID-19 vaccination policy.

2    **E.  MR. RIFE'S CHARGE OF RELIGIOUS DISCRIMINATION WITH**

3    **THE EEOC**

4    56.    On August 15, 2022, Mr. Rife filed a complaint of religious

5    discrimination with the Equal Employment Opportunity Commission ("EEOC").

6    57.    On September 22, 2023, the EEOC issued a right-to-sue letter to Mr. Rife

7    having "found reasonable cause to believe that violations of the statute(s) occurred

8    with respect to some or all of the matters alleged in the charge." **EXHIBIT B.**

9    58.    California's Department of Fair Employment and Housing issued Mr.

10   Rife a right-to-sue letter on August 24, 2022. **EXHIBIT C.**

11   **FIRST CAUSE OF ACTION**

12   **Violation of Title VII of the Civil Rights Act of 1964**

13   **(42 U.S.C. § 2000e, et seq.)**

14   **Religious Discrimination-Disparate Treatment**

15   59.    Plaintiff re-alleges and incorporates by reference the allegations in the

16   preceding paragraphs 1 through 58, as if fully set forth herein.

17   60.    Title VII of the Civil Rights Act of 1964 prohibits Defendant from

18   discriminating against its employees because of their sincerely held religious beliefs.

19   *See* 42 U.S.C. § 2000e-2(a).

20   61.    Plaintiff was, at all times relevant herein, an employee and applicant

21   covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination based on religion.

22   Defendant was, at all times relevant herein, an employer for purposes of 42 U.S.C.

23   § 2000e, et seq.

24   62.    Defendant's decision to reject Mr. Rife's accommodation request while

25   also granting the accommodation requests of other similarly situated employees

26   constitutes discrimination and disparate treatment under Title VII of the Civil Rights

27   Act of 1964.

28   63.    Defendant's decision to terminate Mr. Rife's employment for his

religious objections to its COVID-19 vaccine mandate while also accommodating other similarly situated employees constitutes discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964.

64.    Defendant also directly discriminated against Mr. Rife on the basis of his religion. Defendant questioned the sincerity of Mr. Rife's religious beliefs despite lacking any objective basis for questioning the sincerity of his religious beliefs.

65.    Defendant's conduct constitutes discrimination on the basis of religion under 42 U.S.C. § 2000e-2.

66.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered, and will suffer harm in the loss of his employment and/or employment benefits, entitling him to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, and a declaration that Defendant violated his rights under Title VII.

## SECOND CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. § 2000e, et seq.)

### Religious Discrimination-Failure to Accommodate

67.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 66, as if fully set forth herein.

68.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j), makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

69.    Employers are required to engage in a good faith interactive process with the employee to determine whether they can be reasonably accommodated without undue hardship.

70.    Defendant failed to engage in any meaningful interactive process with Mr. Rife to determine if a reasonable accommodation was available.

71.     There were several reasonable accommodations available that Defendant offered other exempted employees and could have also offered Mr. Rife in lieu of vaccination, including, but not limited to symptom screening, regular testing, and other precautionary measures such as wearing face coverings and social distancing.

72.     Mr. Rife demonstrated the sincerity of his religious beliefs by participating in Defendant's follow-up interview and reiterating his religious beliefs. He also demonstrated the sincerity of his belief by suffering the loss of his job rather than comprising his religious beliefs and getting vaccinated.

73.     Upon information and belief, Defendant accommodated the religious and medical COVID-19 accommodation requests of other similarly situated employees.

74.     By failing and refusing to provide Mr. Rife a religious accommodation, Defendant discriminated against him, terminating him from his position.

75.     Mr. Rife suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

76.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered, and will suffer harm in the loss of his employment and/or employment benefits, entitling him to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, and a declaration that Defendant violated his rights under Title VII.

## THIRD CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. § 2000e, et seq.)
### Retaliation

77.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 76, as if fully set forth herein.

78.     Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3(a) makes it unlawful for an employer to retaliate against its employees because the person "opposes any practice made an unlawful employment practice by [Title VII] or because [the employee] has made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under this subchapter."

79.     The EEOC takes "the position that requesting a religious accommodation is a protected activity under the provision of Title VII." U.S. Equal Emp. Opportunity Comm'n, Section 12: Religious Discrimination, EEOC-CVG2021-3, as reprinted in EEOC Compliance Manual on Religious Discrimination (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftn321 (last visited December 8, 2023).

80.     Mr. Rife engaged in a protected activity by requesting religious accommodation from Defendant's vaccine mandate.

81.     Defendant subjected Mr. Rife to an adverse employment action in that it terminated his employment.

82.     Defendant did not enter into an interactive process with Mr. Rife when he submitted a religious accommodation request. Defendant granted and accommodated the medical and religious requests of other similarly situated employees.

83.     However, instead of entering into an interactive process with Mr. Rife and accommodating Mr. Rife, Defendant retaliated against him by terminating his employment.

84.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered, and will suffer harm in the loss of his employment and/or employment benefits, entitling him to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, and a declaration that Defendant violated his rights under Title VII.

# FOURTH CAUSE OF ACTION

## Violation of California's Fair Employment and Housing Act

## (Cal. Gov't Code § 12940)

## Discrimination and Retaliation

85.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 84, as if fully set forth herein.

86.   FEHA makes it unlawful "[f]or an employer, because of the . . . religious creed . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

87.   Plaintiff was, at all times relevant herein, an employee for purposes of FEHA.

88.   Plaintiff was, at all times relevant herein, a member of a protected religious class.

89.   Defendant was, at all times relevant herein, an employer for purposes of FEHA.

90.   FEHA broadly defines religious creed to include all aspects of observance and practice.

91.   FEHA requires employers to reasonably accommodate an employee's religious beliefs and practices.

92.   Defendant discriminated against Mr. Rife by terminating his employment.

93.   Upon information and belief, Defendant accommodated the religious and medical COVID-19 accommodation requests of other similarly situated employees.

94.   Defendant demonstrated discriminatory animus toward Plaintiff by

showing indifference toward his sincerely held religious beliefs and terminating his employment.

95.    As a direct and proximate result of Defendants' violation of FEHA, Plaintiff has suffered loss of employment and employment benefits, entitling him to declaratory relief and damages against Defendant.

**FIFTH CAUSE OF ACTION**

**Violation of California's Fair Employment and Housing Act**

**(Cal. Gov't Code § 12940)**

**Failure to Accommodate**

96.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 95, as if fully set forth herein.

97.    Under FEHA, it is an unlawful for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that it has explored all reasonable means of accommodation of the religious beliefs or observance.

98.    Plaintiff was, at all times relevant herein, an employee for purposes of FEHA.

99.    Defendant was, at all times relevant herein, an employer for purposes of FEHA.

100.    Mr. Rife is a devout Christian and committed to living a life consistent with the Holy Bible. His beliefs prohibit him from participating in any way in the abortion industry. Mr. Rife also believes that the COVID-19 vaccine could be harmful to his body.

101.    Defendant failed to engage in any reasonable, interactive process with Mr. Rife regarding his religious objections to the COVID-19 vaccine mandate. Indeed, Mr. Rife specifically referenced his religious convictions concerning abortion and injecting unknown substances into his body, but Defendant ignored his

13

COMPLAINT

objections, and continued to force its vaccine mandate on him.

102.  Defendant failed to offer Mr. Rife reasonable accommodations. Defendant did not, and cannot, demonstrate that providing any accommodations would impose an undue burden.

103.  Defendant's refusal to accommodate, or even explore any kind of accommodation of Mr. Rife's religious beliefs, was a substantial motivating factor in Defendant's decision to terminate Mr. Rife's employment.

104.  As a direct and proximate result of Defendants' violation of FEHA, Plaintiff has suffered loss of employment and employment benefits, entitling him to declaratory relief and damages against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.  Declare that Defendant has violated Title VII of the Civil Rights Act and FEHA;

2.  Compensatory and actual damages in an amount to be proven at the time of trial;

3.  Punitive damages;

4.  Costs of suit incurred herein;

5.  Attorneys' fees;

6.  Pre- and post-judgment interest at the prevailing statutory rates; and

7.  For such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Mr. Rife hereby demands trial by jury.

DATED:  December 18, 2023          ADVOCATES FOR FAITH & FREEDOM

By: _____
       Julianne Fleischer, Esq.
       Attorneys for Plaintiff, Dan Rife

14
COMPLAINT

**VERIFICATION**

I am a party to this action. I am informed, believe, and on that ground allege that the matters stated in the foregoing **VERIFIED COMPLAINT FOR VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, RELIGIOUS DISCRIMINATION-DISPARATE TREATMENT, VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE , VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, RETALIATION, CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, DISCRIMINATION AND RETALIATION AND CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, FAILURE TO ACCOMMODATE** are true. The matters stated in the foregoing document are true and based upon my own knowledge. I believe the matters based upon information and belief are also true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___Dec 17, 2023___, at ___Escondido___, California.

_Daniel M. Rife_
Daniel M. Rife (Dec 17, 2023 07:47 PST)
Dan Rife

# EXHIBIT "A"

...bmitting your request for an exemption from the SARS Covid-19 vaccination requirement. After thoroughly reviewing the... ...you provided, it has been determined your request does not qualify for an exemption as a sincerely-held religious belief u... ...plicable state law. Therefore, we are denying your exemption request and closing your ticket.

...ur aligned client site having a deadline of September, 30th, you need to start your vaccination series as soon as... ...tember 30th. You must complete the series within the timelines set forth in the immunization schedule.

...e Moderna and Pfizer manufactured vaccinations require two doses before a person is considered fully vaccinated.

...e vaccination manufactured by Johnson & Johnson only requires one dose.

...st vaccinations are fully effective within two weeks.

...xpected to wear a mask and submit to the testing requirements of your site(s) while you are getting your vaccina... ...once per week until 2 weeks after you are fully vaccinated (or more frequently if the client site requires more freque... te...

...e any questions about available vaccines or vaccine creation, please refer to the detailed information contained on y... ...and published by the Charlotte Lozier Institute.

...er 30th, if you remain unvaccinated, you will be subject to disciplinary action, up to and including termination.

R, SHRM-CP

pliance Manager

...er.com | 816-201-8776

# EXHIBIT "B"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Diego Local Office**
555 West Beech Street, Suite 504
San Diego, CA 92101
(619) 900-1616
Website:  www.eeoc.gov

## <u>CONCILIATION FAILURE AND NOTICE OF RIGHTS</u>
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/22/2023

**To:** Dan M. Rife
20030 Fortuna Del Este
ESCONDIDO, CA 92029
Charge No: 488-2022-00125

EEOC Representative and email:    TU LE
FEDERAL INVESTIGATOR
TU.LE@EEOC.GOV

---

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
09/22/2023

---

Christine Park-Gonzalez
District Director

**Cc:**
Molly  Keppler
Stinson LLP
1201 WALNUT ST STE 2900
Kansas City, MO 64106

Carrie M Francis
Stinson LLP
1850 N CENTRAL AVE STE 2200
Phoenix, AZ 85004

Angela Tsevis
Cerner Corporation
2800 Rock Creek Parkway
North Kansas City, MO 64117

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

#### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

#### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

#### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Enclosure with EEOC Notice of Closure and Rights (01/22)

identifying your request as a "FOIA Request" for Charge Number 488-2022-00125 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor

Los Angeles, CA 90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 488-2022-00125 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor

Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT "C"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Department of Fair Employment & Housing

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

EEOC Number:     488-2022-00125

Case Name:       Dan M. Rife v. CERNER CORP

Filing Date:     08-24-2022

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact the EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (c)(1)(C), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c)(1)(C), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (Rev. 02/2022)